UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - X

ROMUS ATKINS, MARK BELLOTTO, DAWN BROWN,  :   01 Civ. 11536 (WCC)
JANE BROWN, MICHAEL J. CROCI, JR.,
MICHAEL P. KRACHT and ROBERT GRASSFIELD, :

                   Plaintiffs,   :

    - against -                 :   **MEMORANDUM AND ORDER**

COUNTY OF ORANGE, et al.,           :

                   Defendants.   :
- - - - - - - - - - - - - - - - - - - X

**CONNER, Senior D.J.:**

On June 9, 2005, plaintiffs Romus Atkins, Mark Bellotto, Dawn Brown, Michael J. Croci, Jr., Michael P. Kracht and Robert Grassfield (collectively "plaintiffs"), moved this Court, pursuant to FED. R. CIV. P. 54(b), for an order: (1) certifying certain issues and claims for appeal; and (2) staying the trial scheduled for June 20, 2005 pending resolution of the appeal.

Rule 54(b) allows for the entry of an appealable partial final judgment and provides in relevant part:

> [w]hen more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

The decision whether to grant a Rule 54(b) certification is committed to the sound discretion of the district court. *See*

*Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 629 (2d Cir. 1991). The court must, however, take into account the "'historic federal policy against piecemeal appeals'" and use its power under Rule 54(b) sparingly. *See id.* (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980)). Accordingly, the court should grant Rule 54(b) certification only if "there are interest[s] of sound judicial administration and efficiency to be served, or, in the infrequent case, where there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." *Harriscom*, 947 F.2d at 629 (internal quotations and citations omitted).

In the case at bar, plaintiffs have failed to demonstrate that certification would materially advance resolution of the case or result in greater efficiency. Moreover, plaintiffs have not suggested, much less established, any cognizable prejudice or hardship that would justify granting certification. The possibility of multiple trials is not the type of undue hardship that impels Rule 54(b) certification. *See Brunswick Corp. v. Sheridan*, 582 F.2d 175, 185 (2d Cir. 1978) ("The policy against piecemeal appeals of intertwined claims should not be subverted by the specters of additional trials summoned by an able district judge."). The Court cannot determine that there is "no just reason for delay," and therefore cannot direct the entry of partial final judgment under Rule 54(b).

For the foregoing reasons, plaintiffs' motion is denied.

**SO ORDERED.**

Dated:   White Plains, New York
         June 15, 2005

*William C. Conner*
WILLIAM C. CONNER, Sr. U.S.D.J.